

**HKP** | HARFENIST KRAUT & PERLSTEIN LLP

NEIL TORCZYNER
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

October 13, 2016

Magistrate Judge Kathleen Tomlinson
United States District Court
100 Federal Plaza
Central Islip, New York 11722
By: ECF

    **Re: Martin Tretola, et al. v. Joseph A. D'Amico, et al.**
    **Docket No.: 5705-cv-13 (JS)(AKT)**

Dear Magistrate Judge Tomlinson:

    The firm of Harfenist, Kraut & Perlstein LLP represents the Plaintiffs in this matter and submit the instant letter pursuant to FRCP 37, seeking an Order compelling the Nassau County Defendants to fully respond to Plaintiffs' Post-Deposition Demands.

**Procedural History**

    As the Court may recall, by letter dated June 2, 2016, Plaintiffs wrote to request assistance with completing the deposition of the Nassau County Defendants. (Docket Entry #78). Thereafter, by letter dated June 9, 2016, the Plaintiffs advised that the final County depositions had been scheduled for June 16, 2016. (Docket Entry #79). During the period of June 24-28, 2016, Plaintiffs served their Second Set of post deposition demands on the State Defendants and the First Set of post deposition demands on the County Defendants.[1]

    After not receiving responses, Plaintiffs served a good faith letter on August 10, 2016 requesting that responses be served within ten (10) days.[2] The same day, the Nassau County Defendants' counsel e-mailed that he was meeting with the District Attorney's office to review the demands and would respond "ASAP." On August 19, 2016, having not received the documents Plaintiffs followed up by email and requested that responses be served by August 23, 2016. The Nassau County Defendants responded that the materials would be served by August 31, 2016.[3] The materials were served on August 31, 2016, however since they were served by regular mail, the undersigned did not view them until after the Labor Day holiday.[4]

    Following review of the responses, Plaintiffs wrote on September 20, 2016 and requested a supplemental response be served by September 30, 2016.[5] After no response was served, I spoke with counsel on October 6, 2016 and he indicated that a supplemental response would be served, however to date the County Defendants have only served a partial supplemental response responsive to three

---

[1] A copy of the Document Demand to the County Defendants is appended hereto as Exhibit "A".
[2] A copy of the August 10, 2016 letter is appended hereto as Exhibit "B".
[3] A copy of the August 19, 2016 e-mail exchange is appended hereto as Exhibit "C".
[4] A copy of the Responses sans documents is appended hereto as Exhibit "D".
[5] A copy of the September 20, 2016 letter is appended hereto as Exhibit "E".

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

demands.[6] Although I followed up with counsel by email the following day, no further materials or responses have been served.

**Outstanding Requests**

These materials fall into three categories: (1) Items which the County Defendants have not yet located; (2) Items which the County Defendants have generally advised can be found in prior production, and (3) Items which the County Defendants have either objected to or provided insufficient explanations as to their whereabouts.

**Category I Materials**

Although it has been more than two and a half months since the demands were served, the County Defendants are still seeking documents responsive to Demands: 17 & 18 (video footage and/or transcripts of the Rice press conference); 27 & 28 (correspondence between the Nassau County District Attorney's Office or Edward Franke and Jessica Heegan); 32 & 33 (correspondence between Teresa Corrigan or Jessica Heegan and Wyndell Hurtt). Additionally, while the County Defendants indicated that the October 6, 2016 supplemental production contained the "G" Drive for Theresa Corrigan, Jessica Heegan and Meg Reiss, the materials appear to be solely Jessica Heegan's and there are no documents pertaining to Theresa Corrigan or Meg Reiss (14 & 16).

**Category II Materials**

In response to Demands 7, 13, 19, 22, 23, 24, 25, 31, 36, 37 & 38, the County Defendants stated that responsive documents could be found in the response to Plaintiffs' First Demand for Documents. However, the response which the County Defendants refer to is a nearly seven hundred (700) page brick of <u>non-sequentially Bates Stamped documents</u>. As such this general reference is akin to telling Plaintiffs that the documents are somewhere in the proverbial haystack. Furthermore, some of the demands (such as 22 and 23 which sought materials provided to Karen Bennett and Charles Ribando to prepare for their depositions) would be impossible for Plaintiffs to discern from the prior production.

**Category III Documents**

In addition to the above categories of responses, the County Defendants have interposed the following responses which the Plaintiffs assert need supplementation:

**Demand 1** – This requested production of "Any and all drafts of the "prosecution memo" as described by Charles Ribando in his deposition. (Ribando Tr. at p.15)." In response to this request, the County stated *"The County Defendants are not in possession of any documents responsive to Demand."* Plaintiffs requested (but did not receive) a supplemental response identifying if the document has been lost, destroyed or never existed.

**Demands 3 & 4** - These requested production of "Any and all memos or other similar correspondence prepared by any member of the Nassau County District Attorney's to request funds be allocated from the grant for specific purchased by the undercovers as part of the buy operation in the Gun Shop Case (3) and "reports or other similar documents filed by the County Defendants with

---

[6] A copy of the Responses sans documents is appended hereto as Exhibit "F".

any State agency in which the County Defendants accounted for the use of the funds allocated under the State grant" (4). In response to this request, the County stated *"See documents annexed hereto as Exhibit "A."* Plaintiffs requested (but did not receive) a supplemental response, since the non-redacted documents contained in Exhibit "A" were not responsive to this request. Furthermore, the County Defendants did not offer any privilege log or other explanation for their redactions.

**Demand 9** - This demand requested that the County produce "Any and all documents which notified any of the Plaintiffs that patrons who had purchased guns from either T&T Tactical or T&T Gunnery were arrested. (Ribando Tr. at pp.367-368)." In response to this request, the County has stated *"The County Defendants are not in possession of any documents responsive to Demand No. 9, as that no such documents were ever sent to any patrons."* Plaintiffs requested (but did not receive) a supplemental response, since the demand did not ask for correspondence to patrons and instead sought documents which notified the Plaintiffs that patrons who had purchased from T&T Gunnery/T&T Tactical were arrested.

**Demand 29** – This requested that the County produce "notes taken by Jessica Heegan during her meetings with Edward Franke to prepare for Grand Jury testimony." In response to this request, the County stated *"The County Defendants object to Demand No. 29 upon the ground that "Any and all notes taken by Jessica Heegan during her meetings with Edward Franke to prepare for Grand Jury testimony" are protected from disclosure as attorney work product."* Plaintiff sought to resolve this issue by letter which noted that as Ms. Heegan was acting as ADA, her notes to prepare for the Grand Jury were not in anticipation of litigation. Furthermore, since Ms. Heegan is not a party nor an attorney who represented a party in this litigation there would be no basis under FRCP 26(b)(3) to apply the privilege. To date, no response nor privilege log has been received from the County Defendants.

**Document Demand 30** – This demand requested that the County produce "correspondence … between any UC and Teresa Corrigan during the period between January 1, 2012 and May 1, 2012." In response to this request, the County stated *"The County Defendants object to Demand NO. 30 upon the ground that is overly broad, vague, and upon the further ground that the County Defendants are prohibited from disclosure or production of documents or information provided by Undercover Investigators or Undercover Officers."* Plaintiffs' letter refined the request, limiting it to "<u>correspondence …between any UC and Teresa Corrigan during the period between January 1, 2012 and May 1, 2012 which relates to the Gun Shop Case.</u> Plaintiffs further noted that no statute would bar the County Defendants from making such disclosure, but no supplement was provided.

Plaintiffs thank the Court for its assistance with this matter and are available to discuss these issues on a telephone or at an in person conference should the Court wish to conference this matter.

        Sincerely,
        HARFENIST KRAUT & PERLSTEIN, LLP

        By:_____S_____
           Neil Torczyner

**CC: All counsel (via ECF only)**